

## DOCKET NO. 908

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE BANK OF CREDIT AND COMMERCE INTERNATIONAL DEPOSITORS LITIGATION

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of four actions pending in the following federal districts: three actions in the Central District of California; and one action in the Southern District of California.[1] Before the Panel is a motion by the Price Waterhouse defendants[2] to centralize all actions for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. All responding parties agree that centralization is appropriate in the Central District of California.[3]

On the basis of the papers filed,[4] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Central District of

---

\* Judge Woodward took no part in the decision of this matter.

[1] This litigation originally included a fifth action, *Shrichand Chawla, etc. v. Price Waterhouse & Co., et al.*, C.A. No. C91-2463-JPV, pending before Judge John P. Vukasin, Jr., in the Northern District of California. This action was dismissed without prejudice on October 24, 1991. Accordingly the question of Section 1407 transfer of this action is moot.

Movants have also informed the Panel that additional related actions have been filed in the Central District of California and in the Eastern District of Pennsylvania. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

[2] Price Waterhouse & Co., Price Waterhouse-US and Price Waterhouse World Firm Ltd.

[3] The Price Waterhouse defendants originally sought centralization in the Northern District California or, alternatively, in a district in the Eastern United States.

[4] The parties waived oral argument and accordingly the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., *supra*, at 262.

- 2 -

California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of allegations by depositors in the Bank of Credit and Commerce International (BCCI) that BCCI engaged in a series of allegedly fraudulent schemes to seize control of different American banks and also engaged in other misconduct, including money laundering and arms financing. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is the appropriate transferee forum for this docket. We note that Judge Consuelo Bland Marshall has already consolidated the Central California actions and that pretrial proceedings are underway there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of California be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Consuelo Bland Marshall for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

John F. Nangle
Chairman

# SCHEDULE A

## MDL-908 -- In re Bank of Credit and Commerce International Depositors Litigation

### Southern District of California

*Soha, Inc., et al. v. Price Waterhouse & Co., et al.,*
   C.A. No. 91-1103H(LSP)

### Central District of California

*Akahtar Hamid, etc. v. Price Waterhouse & Co., et al.,*
   C.A. No. 91-4483-CBM(Ex)
*Leo D. Curran v. Price Waterhouse & Co., et al.,*
   C.A. No. 91-5230-HLH(Ex)
*Niam Musleh, etc. v. Price Waterhouse & Co., et al.,*
   C.A. No. 91-5509-AWP

```
                                                JUDICIAL PANEL ON
                                              MULTIDISTRICT LITIGATION
                                                      FILED

                     DOCKET NO. 908                 MAY 2 6 1993

                                                   PATRICIA D. HOWARD
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
                                                  CLERK OF THE PANEL
```

## IN RE BANK OF CREDIT AND COMMERCE INTERNATIONAL DEPOSITORS LITIGATION

*Owen F. Silvious v. Ghaith Rashad Pharaon, et al.*, S.D. New York, C.A. No. 1:93-CV-0401

**BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12 R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff Owen F. Silvious in the above-captioned action to vacate the Panel's order conditionally transferring this action to the Central District of California for coordinated or consolidated pretrial proceedings occurring there in this docket. No party has responded to this motion.

On the basis of the papers filed,[1] the Panel finds that the above-captioned action involves common questions of fact with the actions in this litigation previously transferred to the Central District of California, and that transfer of this action to that district for Section 1407 proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original transfer order directing centralization in this docket. *See In Re Bank of Credit and Commerce International Depositors Litigation*, MDL-908 (J.P.M.L. March 17, 1992)(unpublished order).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned action be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Consuelo Bland Marshall for inclusion in the coordinated or consolidated pretrial proceedings in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

---

[1] Movant waived oral argument and accordingly the question of transfer of this action was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).